# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MONSERRATE ZAPATA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **PECO, PHILADELPHIA, ELECTRIC** | : | **NO.  17-3699** |
| **COMPANY** | : | |

## <u>MEMORANDUM</u>

**LEESON, J.**                                                    **SEPTEMBER 13, 2017**

Plaintiff Monserrate Zapata brings this civil action against PECO based on the fact that PECO notified him it planned to shut off his electricity.[1]  Plaintiff seeks leave to proceed *in forma pauperis*.  The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiff received two "shut off notices" from PECO, one on October 4, 2016 and one on July 11, 2017.  The reason for the notices, according to PECO, was because plaintiff "did not give [PECO] access to inspect [its] meter."  Plaintiff alleges that he never denied PECO access to the meter and that PECO issued the notices without any basis.  He further alleges that he replied to PECO "upon advance notice that [he] would be at his home, or will have someone at home to open the doors so that PECO could inspect <u>their</u> electric meter."  (Compl. at 4.)  Plaintiff adds that the meter is functional, that he is billed excessively, and that his monthly bills, including additional charges incurred in connection with a shut off, could result in him losing his home.

---

[1] Although the complaint identifies "Peco, Philadelphia, Electric Company" as "defendants" in this matter, it is apparent that PECO is the only defendant.

Before filing this civil action, plaintiff filed a motion to proceed *in forma pauperis* and a "petition for preliminary injunction" eight days after receiving the July 11, 2017 shut off notice. *See Zapata v. PECO*, E.D. Pa. 17-mc-121 (E.D. Pa.). The petition was docketed as a miscellaneous action, presumably because it did not correspond with any pending civil action filed in this Court at the time. The petition sought an injunction prohibiting PECO from shutting off plaintiff's electricity.

Plaintiff attached PECO's notice to his motion, which reflects that PECO advised him of its intention to shut off his electricity on or after 8:00 a.m. on July 23, 2017. The notice, which is essentially a form notice, indicated that the reason for the notice was because plaintiff had not given PECO access to the meter. PECO did not indicate on the notice that any payment was due although, as the notice appears to be a form, it includes information letting plaintiff know that PECO would not shut off his electricity if he paid any amount owed in full, showed a paid receipt, or disputed the bill; that portion of the notice appears to be inapplicable to plaintiff's situation.[2] The notice also provided phone numbers plaintiff could call to provide access to the meter, and indicated that if plaintiff or anyone in the home was seriously ill, PECO would not shut off services if his doctor verified the condition and indicated that it would be aggravated if the electricity were shut off. Plaintiff alleged in his petition that he is going blind, cannot hear, and is sick, such that he cannot call on a phone or "spend many hours at PECO'S CUSTOMER SERVICES." *See Zapata v. PECO*, E.D. Pa. 17-mc-121 (E.D. Pa.) (ECF No. 1-1 at 2.) He did not indicate whether he intended to have his doctor contact PECO.

The Court denied plaintiff leave to proceed *in forma pauperis* without prejudice in the miscellaneous action because he failed to provide the Court with sufficient financial information.

---

[2] Plaintiff attached documents reflecting that his account was up to date at the time of the notice and that his July electric bill was not yet due.

The Court gave plaintiff leave to return with an amended application and instructed him to establish the basis for the Court's jurisdiction over his filing.

Plaintiff responded by filing a civil complaint against PECO pursuant to 42 U.S.C. § 1983, which was docketed as the instant civil action. He alleges that PECO's issuance of the shut off notices denied him due process and equal protection in violation of the United States Constitution. He seeks an injunction against PECO and a hundred million dollars in damages. It is not clear whether PECO ultimately shut off plaintiff's electricity.

## II. STANDARD OF REVIEW

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether an entity is acting under color of state law—i.e., whether the entity is a state actor— depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*,

423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

In *Jackson v. Metropolitan Edison Co.*, the Supreme Court held that a privately owned and operated utility corporation was not a state actor in connection with its decision to shut off an individual's electricity. 419 U.S. 345, 358 (1974) (no state action where company "was a heavily regulated, privately owned utility, enjoying at least a partial monopoly in the providing of electrical service within its territory, and . . . elected to terminate service to petitioner in a manner which the Pennsylvania Public Utility Commission found permissible under state law"). More recently, the Honorable Nitza I. Quiñones Alejandro held that, although PECO could be a state actor under certain circumstances, it was not a state actor when it terminated a customer's electricity because the customer would not allow installation of a new meter. *See Benlian v. PECO Energy Corp.*, CV 15-2128, 2016 WL 3951664, at **6-7 (E.D. Pa. July 20, 2016). In light of those decisions, there is no basis for finding state action in this case.

It is also worth noting that, even if PECO were a state actor, plaintiff has not stated a plausible constitutional violation. "Fundamentally, procedural due process requires notice and an opportunity to be heard" in a meaningful time and manner. *Mancini v. Northampton Cnty.*, 836 F.3d 308, 315 (3d Cir. 2016) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). PECO

clearly gave plaintiff notice that it intended to shut off his electricity, and the notices provided an explanation for how plaintiff could avoid the shut off. Furthermore, Pennsylvania law sets out procedures for addressing the shut off of one's electricity, handled by the Public Utility Commission and Bureau of Consumer Services. *See Benlian*, No. CV 15-2128, 2016 WL 3951664, at *7 n.14 (E.D. Pa. July 20, 2016). As it appears that plaintiff proceeded directly to federal court rather than contacting PECO or invoking state procedures, it is difficult to conclude that a due process violation has occurred here, even if plaintiff's electricity was in fact shut off or if PECO issued the notice in error. *See Goadby v. Philadelphia Elec. Co.*, 639 F.2d 117, 122 n.5 (3d Cir. 1981); *cf. Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 71 (2009) (a plaintiff raising a due process challenge is in an "awkward position" if he fails to first avail himself of available state procedures).

There is no other basis for a plausible constitutional claim here. The conduct in the complaint is not "conscience-shocking" in a manner that would give rise to a substantive due process claim. *See Miller v. City of Philadelphia*, 174 F.3d 368, 375 (3d Cir. 1999). Plaintiff has also failed to state an equal protection claim, as none of his allegations indicate that he was treated differently than similarly situated individuals. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008).

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because it appears that amendment would be futile. An appropriate order follows, which shall be docketed separately.